IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony McGee, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 14-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| John Mueller, and Cook County, | ) | |
| Illinois | ) | |
| | ) | *(Jury demand)* |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Anthony McGee, by counsel, files this complaint and alleges as follows:

1. This is a civil action arising under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Anthony McGee is a resident of the Northern District of Illinois and is presently confined at the Cook County Jail and assigned CIMIS number 2012-1221164.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity.

4. Defendant Cook County is responsible for providing healthcare to each detainee at the Cook County Jail and is the entity responsible for Cermak

Health Services. Defendant Cook County is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

 5. Defendant John Mueller is an employee of the Sheriff of Cook County and is currently a supervisor of inmate services. Defendant Mueller is responsible for the Jail's grievance procedure and is sued in his individual capacity.

 6. Sometime in 2011 the part-time orthopedic clinic at the Jail was eliminated. As a result, all detainees with orthopedic ailments are dependent on the Jail's medical scheduling department to make arrangements with the Stroger orthopedic clinic for orthopedic care. To facilitate care, the Sheriff and Cook County must coordinate the scheduling and transportation of patients to Stroger Hospital for treatment. This practice frequently causes significant delay in treatment for detainees with serious orthopedic needs.

 7. In August 2012 plaintiff received a serious right wrist injury and shortly thereafter was incarcerated at the Jail. Plaintiff experienced excruciating pain and requested emergency medical care.

 8. In about September 2012 plaintiff received an x-ray at Cermak Health Services where he was diagnosed with a right wrist fracture.

 9. During the next year and a half, despite plaintiff's submission of numerous health care request forms and filing several grievances, plaintiff was not transported to Stroger Hospital for orthopedic care. The significant delay in treatment caused plaintiff to needlessly suffer.

10. In a grievance marked 2014 x 0565 and submitted in January 2014, plaintiff complained about the lack of medical attention for his wrist. The response to the grievance read "PCC 2/18/14." Unsatisfied with the Sheriff and Cook County's response, plaintiff appealed on February 14, 2014:

> I'm appealing this cause i'v been in pain for 18 months and i'v put in numerous medical slip an no one has saw me at all an now I put a grievance in all they give me is the response on top. I need medical attention on my wrist a-sap.

11. In response to the appeal, defendant Mueller denied the appeal and directed plaintiff to the Cermak Health Services of Cook County Grievance Appeal Notation reading: "[s]een and treated by MD in PCC 2/18/14. XRay completed. Referred to Hand Specialist."

12. Defendant Muller, Dart, and Cook County are aware the grievance the grievance system at the Jail is fundamentally flawed causing plaintiff and similarly situated persons to be without any procedure to grieve about serious or potentially serious medical conditions. For medical related grievances, it is the procedure that the Cermak grievance coordinator refers the grievance to a particular department within Cermak. If the department does not respond to the grievance within seven days, the grievance coordinator formally closes the grievance and causes the grievances to be returned to a detainee without any meaningful

response. This procedure misleads detainees to believe his (or her) medical grievance is being addressed.

13. On May 2, 2014, plaintiff was eventually transported to Stroger Hospital where he was informed that he suffered from a scaphoid fracture. Plaintiff was instructed that surgery may be necessary to correct the fractured wrist.

14. Several cases are pending in this district alleging Dart and Cook County have a practice to provide constitutionally deficient care to detainees at the Jail, particularly relating to orthopedic ailments as a result of the above described practices, and that the Jail's grievance procedure is fundamentally flawed causing inmates with serious medical concerns to suffer.

15. As a direct and proximate result of the above described wrongdoing plaintiff was deprived of rights secured under the Fourteenth Amendment to the United States Constitution.

16. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff prays for an award of compensatory damages in excess of fifty thousand dollars, including an award of punitive damages against defendant Mueller, and that the costs of this action, including fees and costs, be taxed against defendant Cook County.

/s/ Patrick W. Morrissey

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
Chicago, Il. 60643
(773)233-7900
patrickmorrissey1920@gmail.com

*An Attorney for Plaintiff*